**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000069
07-AUG-2026
07:47 AM
Dkt. 79 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BEAU HAWKES, Defendant-Appellant


NO. CAAP-25-0000069


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-24-0000032)


August 7, 2026


HIRAOKA, PRESIDING JUDGE, MCCULLEN AND GUIDRY, JJ.


OPINION OF THE COURT BY HIRAOKA, J.


A grand jury indicted Beau **Hawkes** on two counts of assault in the second degree and one count of terroristic threatening in the first degree. Hawkes moved to dismiss the indictment because of grand jury counsel misconduct. The Circuit Court of the Second Circuit granted the motion and entered an order dismissing the indictment without prejudice.[1] Hawkes appeals, arguing "the trial court failed to engage in any type of

---

[1] The Honorable Kelsey T. Kawano presided.

analysis as to whether or not the dismissal should have been with or without prejudice."[2]

We hold that Hawaii Revised Statutes (**HRS**) § 612-59 (2016) calls for dismissal of an indictment without prejudice if a court, exercising its discretion, determines that grand jury counsel misconduct affected the fairness and impartiality of the proceeding by tending to induce action other than what reasonable grand jurors would deem warranted based on the evidence fairly presented to them. The legislative history confirms that dismissal with prejudice is not an option.

## I. STANDARD OF REVIEW

Statutory interpretation is a question of law reviewed *de novo*. In re Maui Fire Cases, 155 Hawai‘i 409, 424, 565 P.3d 754, 769 (2025). The fundamental starting point is the language of the statute; where it is plain and unambiguous, we must give effect to its plain meaning. Id.

---

[2] The day before Hawkes's motion to dismiss for grand jury counsel misconduct was heard, Hawkes filed another motion to dismiss, for prosecutorial misconduct. During the hearing on the first motion to dismiss, the circuit court said the motion was granted and told Hawkes he was free to go. Hawkes asked if the dismissal was with prejudice. The court stated it was without prejudice. Hawkes orally moved to withdraw the motion and have his second motion heard. The court orally denied the oral motion. Hawkes challenges the denial, but an oral order is not appealable. State v. Bohannon, 102 Hawai‘i 228, 235, 74 P.3d 980, 987 (2003). At any rate, the grant of the first motion rendered the second motion, and any prosecutorial misconduct, moot.

Hawkes also moved for reconsideration of the dismissal without prejudice "pursuant to Rule 60(b) and Rule 59(e) of the Hawaii Rules of Civil Procedure." The court orally denied the motion. Hawkes challenges the denial. The Hawai‘i Rules of Civil Procedure (**HRCP**) do not apply to criminal cases. HRCP Rule 1(a). The Hawai‘i Rules of Penal Procedure do not provide for a motion for reconsideration. We decline to consider Hawkes's appeal from the oral denial of an inappropriate motion.

If statutory language is unambiguous, we need not examine legislative history. Barker v. Young, 153 Hawaiʻi 144, 149, 528 P.3d 217, 222 (2023). But:

> The legislative history of a statute remains relevant even when the language appears clear upon perfunctory review. Were this not the case, a court may be unable to adequately discern the underlying policy which the legislature seeks to promulgate and, thus, would be unable to determine if a literal construction would produce an absurd or unjust result, inconsistent with the policies of the statute.

Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 452, 420 P.3d 370, 383 (2018) (cleaned up).

## II. DISCUSSION

HRS § 612-57 (2016) establishes grand jury counsel's duties:

> The grand jury counsel shall serve, upon request of the grand jury, as independent legal counsel to the grand jury, to be at the call of the grand jury during its proceedings in obtaining appropriate advice on matters of law after the grand jury has been sworn and charged by the court under section 612-16(d) and during the court's absence. The grand jury counsel may be present during grand jury proceedings, and if not present in the building shall be in the immediate vicinity to the building in which the grand jury meets, so that counsel will be readily available to the grand jury, but shall not participate in the questioning of the witnesses or the prosecution. The grand jury counsel's function shall be only to receive inquiries on matters of law sought by the grand jury, conduct legal research, and provide appropriate answers of law.

"Grand jury counsel misconduct," like "prosecutorial misconduct," is a legal term of art referring to any improper action committed by grand jury counsel, however harmless or unintentional. Cf. State v. Brown, 157 Hawaiʻi 354, 381, 577 P.3d 1045, 1072 (2025) (concerning prosecutorial misconduct).

A court may dismiss an indictment if it finds that grand jury counsel misconduct "tended to induce action other than

3

that which reasonable grand jurors, in their uninfluenced judgment, would deem warranted based on the evidence fairly presented to them." State v. Griffin, 126 Hawaiʻi 40, 53, 266 P.3d 448, 461 (App. 2011), abrogated on other grounds by, State v. Kato, 147 Hawaiʻi 478, 465 P.3d 925 (2020).

The State does not argue there was no grand jury counsel misconduct, or that Hawkes's indictment should not have been dismissed. The issue presented by this appeal is whether the trial court erred by not analyzing whether the dismissal should be with, rather than without, prejudice. We didn't reach that issue in Griffin because we affirmed the circuit court's denial of the motion to dismiss the indictment. Id. at 53-54, 266 P.3d at 461-62.

> **A.  HRS § 612-59 calls for dismissal without prejudice if a court determines that grand jury counsel misconduct affected the fairness and impartiality of the proceeding.**

HRS § 612-59 provides:

> Any indictment which is based upon a grand jury proceeding in which a violation of section 612-56 [(grand jury counsel; disqualification)], 612-57 [(grand jury counsel; duties)], or 612-58 [(grand jury proceedings)], has occurred **may** be subject to dismissal **without prejudice** by an appropriate state court in the exercise of its discretion. Motion for such dismissal may be made by either party or the court.

(Emphasis added.)

We note at the outset that grand jury counsel misconduct — for example, incorrectly instructing the grand jury on matters of law — could adversely affect the interests of the State as well as those of the defendant.

Under the plain language of HRS § 612-59, if grand jury counsel misconduct is shown, a court has discretion to dismiss

4

the indictment without prejudice. Griffin, 126 Hawaiʻi at 52–53, 266 P.3d at 460–61. The court also has discretion to not dismiss the indictment if, for example, it determines grand jury counsel misconduct did not affect the "fairness or impartiality" of the grand jury proceeding. See id.

Hawkes argues that the permissive "may" in HRS § 612-59 means an indictment may be dismissed with prejudice. We do not agree. The phrase "may be subject to dismissal without prejudice" means an indictment should not automatically be dismissed if grand jury counsel misconduct is shown; rather the court has discretion to dismiss the indictment if it determines the misconduct affected the fairness or impartiality of the grand jury proceeding by tending to induce action other than what reasonable grand jurors would deem warranted based on the evidence fairly presented to them. But the indictment need not be dismissed if the court determines the misconduct did not affect the fairness or impartiality of the proceeding.

"[I]t is generally presumed that the legislature acts intentionally and purposely in the disparate inclusion or exclusion of terms in its statutes." Maui Fire Cases, 155 Hawaiʻi at 428, 565 P.3d at 773. HRS § 612-59 does not say "dismissal *with or* without prejudice," or simply "dismissal by an appropriate state court." Because grand jury counsel misconduct does not implicate the prosecution, and jeopardy has not attached,[3] dismissal without prejudice of a potentially defective

---

[3] Article I, section 10 of the Hawaiʻi Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy[.]" "Attachment of jeopardy in a jury trial occurs when the jury is empaneled and sworn in, but in a bench trial . . . jeopardy attaches when the court begins to hear evidence." State v. Ellway, 158 Hawaiʻi 190, 196, 590 P.3d 319, 325 (2026).

indictment is an appropriate remedy for both the State and the defendant who is the subject of the grand jury proceeding.

**B.    HRS § 612-59 is consistent with HRS § 612-60.**

Statutes that are *in pari materia* may be construed together.  Omiya, 142 Hawaiʻi at 450, 420 P.3d at 381.  "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other.  What is clear in one statute may be called in aid to explain what is doubtful in another."  HRS § 1-16 (2009).

Our reading of HRS § 612-59 is consistent with the remedy provided by HRS § 612-60 (2016), which provides:

> If the court finds that the grand jury counsel has provided the grand jury erroneous counsel or has acted improperly, the court may require that the grand jury be given the corrected advice or shall be advised as to improper action, and shall then continue the case.

HRS § 612-60 applies, and allows remedial action by the court, if grand jury counsel misconduct comes to the court's attention during the grand jury proceeding.  HRS § 612-59 applies if grand jury counsel misconduct is shown post-indictment.  The prosecution is not terminated under either statute.

**C.    The legislative history of HRS § 612-59 confirms that dismissal with prejudice is not an option.**

HRS §§ 612-51 through -59 were enacted to implement article I, section 11 of the Hawaiʻi Constitution.  See 1980 Haw. Sess. Laws Act 209, § 1 at 354.  Hawaiʻi Constitution article I, section 11 was proposed by the 1978 Constitutional Convention and ratified by the voters on November 7, 1978.  It provides:

>  Whenever a grand jury is impaneled, there shall be an independent counsel appointed as provided by law to advise the members of the grand jury regarding matters brought before it.  Independent counsel shall be selected from among those persons licensed to practice law by the supreme court of the State and shall not be a public employee.  The term and compensation for independent counsel shall be as provided by law.

The Constitutional Convention's Committee on Bill of Rights, Suffrage and Elections explained:

>  The role of counsel will be to advise the grand jury and not the witness or the prosecutor.  Until now the prosecutor has served as the legal adviser to the grand jury, but there seems to be a conflict between presenting evidence to a grand jury in the hope that they will return an indictment and being their legal advisor.  Independent legal counsel will be available to advise the grand jury on any appropriate matter.

Stand. Comm. Rep. No. 69, in 1 Proceedings of the Constitutional Convention of Hawaiʻi of 1978, at 673 (1980).

After Hawaiʻi Constitution article I, section 11 was ratified, 1979 House Bill No. 95 was proposed as enabling legislation.  The conference committee reported:

>  Your Committee's staff consulted the representative from the prosecutor's office, City and County of Honolulu, who was in attendance observing the conference, and was assured that matters pertaining to grand jury proceedings are handled by the courts as matters required to be addressed as pre-trial issues, and that as such, there would be no danger of violations of such provisions resulting in dismissal of an otherwise valid indictment which would be barred from re-indictment by the theory of "double jeopardy."  Nonetheless, in abundance of caution, your Committee amended the former draft to require that such dismissal shall be "without prejudice."

Conf. Comm. Rep. No. 68, in 1979 Senate Journal, at 985, 1979 House Journal, at 1120.

1979 H.B. No. 95, H.D. 2, S.D. 2, C.D. 1 was passed by the legislature but vetoed by the governor, who was concerned about use of the undefined word "advise" to describe grand jury

counsel's duties.  Gov. Msg. No. 512, "Statement of Objections to House Bill No. 95," in 1979 Senate Journal, at 898-99.  It was amended to address the governor's concerns over the previous bill and reintroduced during the 1980 legislative session as House Bill No. 2059-80.  The governor had not expressed concern about the "dismissal without prejudice" language, which remained in H.B. No. 2059-80.  H.B. No. 2059-80 was passed by the legislature, and approved by the governor on June 6, 1980.  1980 Haw. Sess. Laws Act 209, at 357.  HRS § 612-59 has not been amended since.  The legislative history confirms that dismissal without prejudice was intended, and dismissal with prejudice was not an option.

## III. CONCLUSION

If a court dismisses an indictment under HRS § 612-59 because of grand jury counsel misconduct, the dismissal must be without prejudice.  The circuit court need not have considered a dismissal with prejudice.  The December 10, 2024 *Order Granting Motion to Dismiss Indictment* is affirmed.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant
Beau Hawkes.

Andrew H. Martin,
Richard B. Rost,
Department of the
Prosecuting Attorney,
County of Maui
for Plaintiff-Appellee
State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge